## Goodwin Gas Stove & Meter Co.'s Assigned Estate.
### Appeal of National Bank of the Republic.

*Tax lien—Assignment for creditors—Acts of June 7, 1879, March 30, 1811, and April 13, 1827.*

Under the act of June 7, 1879, § 14, P. L. 112, the commonwealth has, as against common creditors, the first lien upon personal property in an assigned estate, without filing any copy of the lien under the acts of March 30, 1811, § 12, P. L. 29, and April 13, 1827, § 4, 9 Sm. 433. William Wilson & Co.'s Assigned Est., 150 Pa. 285, distinguished.

Argued Jan. 23, 1895. Appeal, No. 190, July T., 1894, by the National Bank of the Republic, from order of C. P. No. 4, Phila. Co., June T., 1892, No. 481, sustaining exceptions of the commonwealth to the report of the auditor on the account of Hector T. Fenton, assignee for the benefit of creditors of Goodwin Gas Stove and Meter Company. Before STER-RETT, C. J., GREEN, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of auditor, distributing proceeds of the sale of an assigned estate.

From the report of the auditor, Norris S. Barratt, Esq., it appeared that, on June 23, 1892, the Goodwin Gas Stove and Meter Co. made an assignment for the benefit of creditors to Hector T. Fenton, Esq. At the time of the assignment the property was entirely personal. Settlement for taxes had been made against the capital stock of the company for the years 1882 to 1885 inclusive, but no tax lien had been filed in the office of the prothonotary of the county where the accounting officer of the corporation resided. The auditor found as a fact that the fund for distribution arose from personal property owned by the assignor at the time of the assignment, and that the creditors claiming out of the fund were not lien creditors of the assigned estate. The auditor disallowed the claim of the commonwealth for taxes.

Exceptions to the auditor's report were sustained by the court in the following opinion, by THAYER, P. J.:

" The question argued in this case was, whether the claim of the commonwealth for taxes, which, by the 14th section of the act of June 7, 1879, and the 31st section of the act of June 1, 1889, is a preferred claim ' to be first allowed before any other claims are paid,' has lost its preference by reason of non-compliance with the provision of the 4th section of the act of April 14, 1827, Purd. 1386, requiring the auditor general ' to transmit to the respective counties, to be by them entered of record, certified copies of the liens which may hereafter rise by virtue of the 12th section of the act of March 30, 1811, as soon as the same are settled and entered in the books of the accounting officers,' Purd. 1385. By the 12th section of the act of 1811, the balance found in the account is to be ' a lien

on all the real estate of the person indebted throughout the commonwealth.' By the act of June 7, 1879, it is a lien 'upon the franchise and property, both real and personal, of corporations and limited partnerships.'

"In Commonwealth's Ap., 4 Pa. 164, it was held that, in default of the filing of a certified copy in pursuance of the provisions of. the act of 1827, the commonwealth's claim was entitled to no preference over other lien claimants. The case was a contest between rival liens against real estate. Arnold's Est., 46 Pa. 277, was to the same effect, but that also was a controversy between lien claimants, and the commonwealth was postponed to judgment creditors, because no certificate had been filed. The proceeds distributed, as in the Commonwealth's Ap., 4 Pa. 164, were derived from a sheriff's sale of real estate. In his opinion in Arnold's Estate, Judge STRONG treats the question entirely as one of priority of lien, and, while postponing the commonwealth to other lien claimants on account of the neglect to file a certificate, adds distinctly : ' Without the notice given by filing a copy of the balance of the account, and having it entered on record, the debt ascertained to be due to the commonwealth may be a lien as against the debtor, but is inoperative against other lien creditors.'

" In Silversmith Co.'s Est., 150 Pa. 285, the case was again a contest between lien creditors, and the opinion of Justice GREEN proceeds upon the ground that, as between other lien creditors and the commonwealth, the latter must be postponed when a certificate has not been filed in pursuance of the act of 1827. ' Other lien creditors,' says he, ' have the same right to notice under the act of 1879 as under the acts of 1811 and 1827.'

" The present case, it is to be observed, is entirely different from the cases already referred to, which were relied upon by the auditor, in his report, against the commonwealth as a preferred creditor. In the present case none of the claimants are lien creditors except the commonwealth. That fact is expressly found by the auditor, and the fund was derived from the sale of personal estate exclusively. The creditors here were all general creditors claiming under the assignment. Is the commonwealth's preference, secured by the strong language of the acts of 1879 and 1889, lost as against creditors who are not

lien creditors at all, but general creditors, claiming under an
assignment made by the debtor seven years after the common-
wealth's lien attached? We think not. The commonwealth's
claim was for taxes for the years 1882, 1883, 1884, and part of
the year 1885. The assignment was not made until June 23,
1892. It cannot be doubted that the personal property in the
hands of the debtor was subject to the lien of the common-
wealth's taxes for all those years, for, by the express words of
the act of 1879, the commonwealth's taxes were 'a lien upon
the franchises and property, both real and personal, of corpo-
rations and limited partnerships,' from the time the said taxes
are due and payable. It has never been asserted by any de-
cision, and cannot be pretended with any show of reason, that
the commonwealth's lien against the debtor's property, while it
is still his property, is lost by not filing the certificate referred
to in the act of 1827. Such a construction would be unrea-
sonable and a total perversion of the meaning of the legisla-
ture. We entertain no doubt that Judge STRONG was right
in saying, as he did in Arnold's Estate, that although the fail-
ure to file the certificate postponed the commonwealth's claim
to other lien claimants, it was nevertheless a lien against the
debtor himself.

" If this be so, nothing can be plainer than that the rights of
the general creditors of the gas company could rise no higher
than those of the debtor himself. If the commonwealth's claim
attached to the property in his possession, as it undoubtedly did,
he could not divest it by making an assignment for the benefit
of creditors. That an assignee for the benefit of creditors is
not a purchaser within the meaning of the word which protects
lien creditors or vendees for value, is familiar law. Neither the
rights of the assignee nor those of the general creditors could
rise higher than those of the assignor, and, as the property was
subject to the commonwealth's lien in his hands, it remained
subject to it in the hands of the assignee ; and inasmuch as
the fund distributed arises from the sale of that property, the
lien attaches to the proceeds as firmly as it did to the property
itself in the hands of the debtor.

" It is ordered that the exceptions filed by the commonwealth
be sustained, that the report be referred back to the auditor, with
instructions to re-adjust the distribution in accordance with these

views, and to award to the commonwealth the full amount of its claim with interest thereon."

*Errors assigned* were in sustaining exceptions, quoting them, and in making the award.

*Charles E. Pancoast*, for appellant, cited: Acts of March 13, 1811, § 12, P. L. 29; April 14, 1827, § 4, P. L. 472; June 7, 1879, § 14, P. L. 213; Comlth's Ap., 4 Pa. 164; Arnold's Est., 46 Pa. 277; Wm. Wilson Co.'s Est., 150 Pa. 285; Com. v. Easton Bank, 10 Pa. 442.

*James A. Stranahan*, *John P. Elkin*, deputy attorney general, and *Henry C. McCormick*, attorney general, with him, for appellee, cited: Comlth's Ap., 4 Pa. 164; Arnold's Est., 46 Pa. 277.

PER CURIAM, Feb. 4, 1895:

There was no error in sustaining the exceptions recited in the first and second specifications, or in awarding to the Commonwealth the full amount of its claim with interest. The rulings complained of are so fully vindicated in what has been said by the learned president of the common pleas, that we think the decree should be affirmed on his opinion.

Decree affirmed and appeal dismissed with costs to be paid by appellant.