**UNITED STATES of America, Plaintiff,**

v.

**FRANKLIN FEDERAL SAVINGS AND LOAN ASSOCIATION, Sidney Kirschner, Roberta Kirschner, Defendants,**

Luzerne Lumber Company, Inc., Intervening Defendant.

Civ. A. No. 4476.

United States District Court
M. D. Pennsylvania.
April 30, 1956.

J. Julius Levy, U. S. Atty., Scranton, Pa., for plaintiff.

Joseph J. Savitz, Wilkes-Barre, Pa., for defendants.

Al. J. Kane, Wilkes-Barre, Pa., for intervening defendant.

WATSON, District Judge.

In this action the government requests judgment against the defendants, the Franklin Federal Savings and Loan Association and Sidney Kirschner and Roberta Kirschner, in the amount of $2,736 with interest from July 11, 1952. The government's claim is based upon Section 3710 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3710, which provides:

"(a) Requirement. Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attach-

ment or execution under any judicial process.

"(b) Penalty for violation. Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy."

The Commissioner of Internal Revenue duly assessed certain taxes against one Lewis H. Dixon and assessment lists containing these assessments were received by the Collector of Internal Revenue. On May 22, 1952, a warrant for distraint for the collection of taxes assessed against Dixon was issued, and on June 11, 1952, notices of lien and levy were served on the defendants, the Franklin Federal Savings and Loan Association and Sidney and Roberta Kirschner, who were indebted to Dixon in the sum of $2,736. The defendants contend that on May 22, 1952, when the warrant for distraint was issued, they were not indebted to Dixon for the reason that on January 11, 1952 Dixon assigned credits in the sum of $2,700 against the Franklin Federal Savings and Loan Association and the Kirschners to the Luzerne Lumber Company, Inc.

On March 31, 1954, an order was entered by this Court permitting the Luzerne Lumber Company, Inc. to intervene as a defendant. On the same date the intervening defendant filed its motion for summary judgment, which is now before the Court for disposition.

Paragraphs 8 and 9 of intervening defendant's motion for summary judgment admit that the sum of $2,736 is still in the possession of the Franklin Federal Savings and Loan Association, and had not been turned over to the intervening defendant, Luzerne Lumber Company, Inc., on June 11, 1952, when notice of lien and levy was served on the association and the Kirschners. Attached to the intervening defendant's motion, and identified as "Intervening Defendant's Exhibit #1", is a photostatic copy of the assignment dated January 11, 1952. It should be noted that the assignment states that Lewis H. Dixon, "in consideration of the sum of $2700.00 now justly due and owing by me to the Luzerne Lumber Company * * * for lumber and building materials furnished to and used by me in the erection and construction of that certain dwelling or building for Sidney Kirschner and Roberta Kirschner * * * and for better securing of the said sum to the said Luzerne Lumber Company * * *" assigns to the Luzerne Lumber Company the sum of $2700.00 "to be paid out of the balance now due and owing to me" by the Kirschners "for carpenter labor and materials furnished by me" to the Kirschners. This instrument of assignment clearly indicates by its language that the assignment was not made for any present consideration but for the securing of the payment of a pre-existing indebtedness between Dixon and the Luzerne Lumber Company, for lumber and building materials previously sold by the Luzerne Lumber Company to the taxpayer Dixon on credit.

At the hearing on the motion for summary judgment, the United States Attorney presented pertinent assessment lists, showing the dates on which the assessments against Dixon were made by the Commissioner of Internal Revenue, the dates on which the assessment lists were received by the Collector of Internal Revenue for the Twelfth Collection District, the amount of the assessments, and the present balance. It should be noted that the remaining assessments total in excess of $2,736, the sum owed by the Kirschners to Dixon and presently being held by the Franklin Federal Savings and Loan Association.

The intervening defendant contends that since notice of lien and levy was not served on the defendants until after the date of the assignment by Dixon to it, it has prior right to the fund, the as-

signment being effective under Pennsylvania law as to subsequent execution or attaching creditors. The government takes the position that its lien dates from the date the respective assessment lists were received by the Collector, which was prior to the assignment. The defendants were, therefore, obliged upon demand to turn the fund over to the Collector of Internal Revenue, and having failed to do so are liable to the extent of the fund, plus interest and costs, in accordance with 26 U.S.C.A. § 3710.

Section 3670 of the Internal Revenue Code, 26 U.S.C.A. § 3670, provides:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Section 3671 of the Internal Revenue Code, 26 U.S.C.A. § 3671, provides:

"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."

This latter section specifically provides that the Government's lien arises at the time the assessment list is received by the Collector, "unless another date is specifically fixed by law * * *" Section 3672 of the Code, 26 U.S.C.A. § 3672, does fix another date as to certain types of security interests. It provides:

"(a) Invalidity of lien without notice. Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

"(1) Under State or Territorial laws. In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory".

■ The burden is upon the intervening defendant to prove that he comes within the class of "mortgagee, pledgee, purchaser, or judgment creditor". MacKenzie v. United States, 9 Cir., 109 F.2d 540; Filipowicz v. Rothensies, D.C., 43 F.Supp. 619.

■ The assignee does not, in the instant case, come within any of the categories described in Section 3672(a). The assignment in January, 1952, was for a past due consideration, and, consequently, the assignee would not be considered a purchaser within the recording acts. Filipowicz v. Rothensies, supra. Therefore, Section 3671 is applicable, and the government's lien was effective from the date the assessment lists were received by the collector, which was prior to the assignment. Intervening defendant's motion for summary judgment must be denied.

■ There remains the further question as to the proper disposition of the case, since the government has not made a cross-motion for summary judgment. If the plaintiff had made such a motion, it is clear that it would be entitled to summary judgment. As the purpose of the summary judgment procedure under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., is to expedite the disposition of cases in which there is no genuine issue as to any material fact requiring trial, the Court may properly enter summary judgment in favor of the party entitled to it. Northland Greyhound Lines v. Amalgamated Ass'n of St. Elec. Ry. and Motor Coach Emp. of America Division 1150, D.C.Minn. 1946, 66 F.Supp. 431.

Summary judgment will be entered for the plaintiff in the sum of $2,736 with interest as provided by law.

An appropriate order will be entered herewith.