## Iron & Glass Dollar Bank v. Siesal Construction Co.

*James L. Poth,* for plaintiff.

*D. Malcolm Anderson,* U. S. Attorney, and *Thomas J. Shannon,* Assistant U. S. Attorney, for the United States.

DUFF J., February 15, 1957.—This proceeding grows out of an action in assumpsit brought by the bank against the Siesal Construction Company to recover the sum of $5,654.60. Defendant filed a petition for interpleader setting forth that notices had been served upon it by the United States of America claiming the said sum for delinquent internal revenue taxes owing by N. T. Courtney, otherwise referred to as Nicholas T. Courtney.

The said Courtney, as a subcontractor, had furnished labor and materials to the Siesal Construction Company in a certain project then under construction by it, for which said Courtney rendered an invoice dated November 24, 1953, to the Siesal Construction Company, which was duly certified correct and approved for payment by that company. On the same day Courtney assigned the invoice to the bank as security for a loan to him in the amount of $4,500 and notice thereof was given to and accepted by the construction company with an acknowledgement that the moneys represented by the invoice were due and owing.

On November 17, 1953, a few days prior to the assignment to the bank of the said invoice, the United States of America had filed with the prothonotary of this court a notice of an internal revenue lien against the said Courtney for $7,886.68, which notice was duly indexed by the prothonotary. On February 12, 1954, the United States of America made a levy on all property, moneys and credits then in the Siesal Construction Company's possession to the credit of, belonging to or owned by the said Courtney.

After certain proceedings, the petition for interpleader was granted and the United States of America was made a party. On April 4, 1956, an order was entered by consent of the parties, providing, inter alia, that the Siesal Construction Company pay into court the sum of $4,500 to await determination in the interpleader and, further, providing that the sum of $250 be paid from said fund to counsel for the construction company. The said amount was thereafter duly paid into court by that company and the issue now remains solely between the United States of America and the bank.

The question as stated by the bank in support of its motion for judgment on the pleadings is:

As against a person having no actual knowledge that an internal revenue lien has been filed and where there has been no levy by reason of such lien, has the United States a lien on personal property with priority over the claim of such person as an assignee, for value, of a chose in action?

The bank contends that the invoice and assignment constitute evidence of indebtedness issued by a corporation within the meaning of sections 6321, 6322 and 6323 of the Internal Revenue Code of August 16, 1954, c. 736, 68 A Stat. 779, 26 U. S. C. §6321, et seq. These sections provide as follows:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. (Section 6321).

"Even though notice of a lien provided in section 6321 has been filed in the manner prescribed . . . the lien shall not be valid with respect to a security, as defined in paragraph (2) of this subsection, as against any mortgagee, pledgee, or purchaser of such security, for an adequate and full consideration in money or

money's worth, if at the time of such mortgage, pledge, or purchase such mortgagee, pledgee, or purchaser is without notice or knowledge of the existence of such lien.

"As used in this subsection, the term 'security' means any bond, debenture, note, or certificate or other evidence of indebtedness, issued by any corporation (including one issued by a government or political subdivision thereof), with interest coupons or in registered form, share of stock, voting trust certificate, or any certificate of interest or participation in, certificate of deposit or receipt for, temporary or interim certificate for, or warrant or right to subscribe to or purchase, any of the foregoing . . .": Section 6323.

The legislative history of these sections, which were known as sections 3670, 3671 and 3672 in earlier Internal Revenue Codes, makes it clear that Congress originally intended the lien of the Government for unpaid taxes to be paramount on all property rights to property, real and personal belonging to the taxpayer in default. Thus, originally, no exceptions were listed. One, by one, however, as particular cases called attention to hardships caused by this arbitrary priority, exceptions were made until the list thereof now includes four classes, as stated in the 1954 code. The courts, citing the history of the legislation, have stated with regard to these exceptions that obviously the protective provisions are to be strictly, rather than liberally, construed: In re Litt, 128 F. Supp. 34, 37. The courts have also generally held that it is equally clear that, in order to be protected, the claimant must prove that he comes within the class of "mortgagee, pledgee, purchaser, or judgment creditor": Filipowicz v. Rothensies, 43 F. Supp. 619, 624.

The statutory provisions cited clearly indicate to our mind that the types of securities entitled to the

protection of the act are instruments which have certain pecuniary values and are intended to be and are freely transferrable in the ordinary course of business. Transactions in securities of this character make up an extensive volume of business in banks, stock exchanges and other financial institutions. By the express terms of the statute, security means "any bond, debenture, note, or certificate or other evidence of indebtedness, issued by any corporation . . . with interest coupons or in registered form". From its classification in the statute with bonds, debentures and notes, it is apparent that Congress limited the term to instruments possessing the quality of free negotiation. Hence we conclude that an invoice such as is the basis of the bank's claim is not such a security as to bring the bank within the protection afforded by the statute.

The motion of the bank for judgment on the pleadings will be dismissed and judgment entered for the United States of America.

### Order

And now, to wit, February 15, 1957, this case having come on to be heard by the court en banc and, upon due consideration thereof, it is hereby ordered, adjudged, and decreed that the motion of the Iron and Glass Dollar Savings Bank, plaintiff, for judgment on the pleadings is denied and that judgment be entered for the United States of America.

It is further ordered that the prothonotary of this court shall pay over the sum of $4,250, presently in his hands, in accordance with this court's order of April 4, 1956, to the Treasurer of the United States of America.

Eo die, exception noted to the Iron and Glass Dollar Savings Bank, plaintiff, and bill of exception sealed.