**UNITED STATES of America, Plaintiff,**

v.

**Harry R. GRUBERT, William B. Jeter, Esq., Texas Title Company, Defendants.**

**Civ. A. No. 12900.**

United States District Court
S. D. Texas,
Houston Division.

Jan. 5, 1961.

---

Charles K. Rice, Asst. Atty. Gen., Richard M. Roberts and Norman E. Bayles, Attys., Dept. of Justice, Washington, D. C., and William B. Butler, U. S. Atty., and Norman W. Black, Asst. U. S. Atty., Houston, Tex., for plaintiff.

William B. Jeter, Houston, Tex., for defendants William B. Jeter and Harry R. Grubert.

Fulbright, Crooker, Freeman, Bates & Jaworski, John M. Jamison, Houston, Tex., for defendant Texas Title Co., stakeholder.

INGRAHAM, District Judge.

This is an action on behalf of the United States of America to foreclose a federal tax lien pursuant to Sections 7401, 7402 and 7403 of the Internal Revenue Code of 1954 (26 U.S.C.A. § 7401, et seq.). Defendants are taxpayer Harry R. Grubert, stakeholder Texas Title Company (hereinafter Texas Title), and William B. Jeter, one-time counsel for Grubert, who asserts a prior lien for attorney's fees on property of Grubert held by Texas Title. The dispute boils down to one as to priority of claims between the United States and Jeter. The case is here on motions for summary judgment made by both Jeter and the

Government and is heard on the pleadings, affidavits and stipulations.

Texas Title holds $1,051.12 belonging to defendant Grubert. The Government's claim rests on an assessment made pursuant to Section 6321 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6321, against Grubert in the sum of $1,032.18. Jeter claims a "contract lien" against this fund arising from the oral promise of Grubert to pay him, Jeter, $2,500 for legal services in part from this fund. The promise was made on or about July 31, 1957.

The Government's assessment against Grubert was made on May 9, 1958, and notice of the assessment was served and demand for payment made on that date. Notice of the federal tax lien was filed in Harris County, Texas, on May 13, 1958. Without getting into the technicalities as to when this lien "arose", became effective, was perfected and such like, suffice it to say that it is good even as against mortgagees, pledgees, purchasers, and judgment creditors who became such after May 13, 1958; Sections 6321, 6322 and 6323 of Int.Rev.Code of 1954, 26 U.S.C.A. §§ 6321, 6322, 6323; United States v. City of New Britain, Conn., 1954, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520. Generally it can be said to be good as against general creditors who became such either before or after May 13, 1958; but "equitable" rights cloud the issue.

Jeter's view of the law and facts is as follows. He was, by oral contract, with Grubert, given a "contract lien" on the fund in question (held by Texas Title) and other funds held by Security Title Company (hereinafter Security) on July 31, 1957, in the amount of $2,500 for his, Jeter's, representing Grubert in getting a judgment held by one Mesta against Grubert set aside. Jeter says that the fund held by Security and the one involved here, and held by Texas Title, were the funds involved in the Mesta litigation and are "the identical funds now in question". Thus he says he had a contract lien on the fund in question as of July 31, 1957, prior to the Government's lien. He says it is well settled in

Texas that "parties may contract for attorney's fees and create a lien by contract on any property agreed to by and between the parties as in this case". He cites no statute or case. Indeed, it should be noted that his so-called "memorandum of law" is totally devoid of authorities—a practice not to be emulated.

The stipulations show that a default judgment was entered in Harris County, Texas, on July 31, 1957, against defendant Grubert in favor of Mesta in the amount of $2,300. Mesta claimed the fund in the hands of Texas Title. On July 31, 1957, Grubert retained defendant Jeter to attempt to have the judgment set aside. The fee for legal services "to be performed" was $2,500 and "was to be" paid out of the funds held by Texas Title and Security. Jeter was successful in having this judgment set aside (the date on which he was successful does not appear) and on November 18, 1958, final judgment was entered in the Mesta-Grubert dispute.

Jeter suggests that but for his success in having the judgment of Mesta against Grubert set aside there would now be no fund for the Government to claim. He is, apparently, attempting to place himself in the position of an attorney who creates a fund and thus and then may become entitled, in some cases, to an equitable lien on the created fund. See Filipowicz v. Rothensies, D.C.E.D. Pa.1942, 43 F.Supp. 619. Of course there is no assurance that had the Mesta judgment become final that Mesta would have executed on the money held by Security or that held by Texas Title. This is not a case of a "created" fund; the money belonging to Grubert was already in the hands of Security and Texas Title before Jeter got into the act. Whether this fund was "protected" or "saved" by Jeter is a matter of conjecture.

For Jeter to prevail in this action he must have either a perfected lien of some description which is prior in time to that of the Government, United States v. City of New Britain, supra, or some equitable right superior to that of the Government. He has no statutory lien because Texas

statutes do not provide for one.[1] See in this connection Strickland v. Sellers, D.C. N.D.Tex.1948, 78 F.Supp. 274, 278. He has no common law or "retaining" lien because that lien is dependent on possession and Jeter never got possession of the fund held by Texas Title. He has no "charging" lien because he recovered no judgment.[2] Left for consideration is the question of whether Jeter is entitled to an equitable lien which in some manner assures him priority over the Government.[3] Equitable liens are, profoundly, creatures of equity and consequently hard to know and define. In Filipowicz, supra, the attorney who "created" the fund was paid his fee ahead of the Government. Filipowicz cited Sprague v. Ticonic Nat. Bank, 1939, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184, and another case for the proposition that equity looks out for attorneys who create the fund from which they seek attorney's fees; Jeter did not "create" the fund in the hands of Texas Title. Bruce v. United States, D.C.E.D.Mich.1955, 127 F.Supp. 858, gave effect to the proposition set out in United States v. Security Trust & Sav. Bank, 1950, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53, that state characterization of liens does not bind the federal courts in cases of this kind. Bruce refused to allow attorney's fees to an attorney even though the state court had decreed his lien to be as good as a mortgage dated before the federal lien was perfected. Jeter did not have, on May 13, 1958, a lien which was superior to that of the United States. Nor do I feel that equity demands that he be paid his attorney's fees ahead of the Government.

In the words of Section 6323 of the Internal Revenue Code of 1954, as enlarged on by United States v. City of New Britain, supra, Jeter was not on or prior to May 13, 1958, a mortgagee, pledgee, purchaser or judgment creditor as to the fund held by Texas Title and owned by Grubert. Nothing in these pleadings entitles Jeter to precedence over the Government. It follows that plaintiff's motion for summary judgment will be granted and that of the defendant, Jeter, denied. The clerk will notify counsel to draft and submit judgment accordingly.

---

1. It is said in 7 Tex.Jur.2d, Attorneys, Sec. 139 (1959):
   "There is no statutory regulation of attorneys' liens in Texas, and the common-law rules are held to apply. * * An attorney does not have a statutory lien that covers a judgment."

2. There is considerable indication that Texas law does not recognize such "charging" liens. 7 Tex.Jur.2d, Attorneys, Sec. 143 (1959). It is declared in Finkelstein v. Roberts, Tex.Civ.App. 1920, 220 S.W. 401, 405, that Texas attorneys have no general lien on a cause of action or judgment.

3. Whether Texas law recognizes such "equitable" liens is not clear. See 7 Tex.Jur.2d, Attorneys, Sec. 143 (1959).