### In the Matter of REGAL PETROLEUM PRODUCTS COMPANY, Bankrupt.

### No. 29096.

United States District Court
E. D. Pennsylvania.
July 17, 1968.

Adelman & Lavine, Lewis H. Gold, Philadelphia, Pa., for trustee.

Goff & Rubin, Larrick B. Stapleton, Philadelphia, Pa., Special Counsel to Dept. of Justice of Commonwealth of Pa., acting for and on behalf of Dept. of Revenue.

## OPINION

KRAFT, District Judge.

The Trustee in bankruptcy has petitioned herein for review of an order[1] of the Referee in Bankruptcy. The questions presented for determination are whether the Commonwealth acquired a valid statutory tax lien on the personal property of the bankrupt upon the assessment and settlement of state *corporate* taxes by the Auditor General of Pennsylvania in Harrisburg under 72 P.S. § 1401, and, if so, to what extent such lien was enforceable or postponed in order of payment.

■ Under the provisions of the Bankruptcy Act the Trustee in bankruptcy, on the date of bankruptcy, possesses the rights of a bona fide purchaser, Section 67(c) (1) (B), 11 U.S.C.A. § 107(c) (1) (B) and an execution judgment creditor, who, on the date of bankruptcy, obtained an execution returned unsatisfied against the bankrupt. Section 70(c) (2), (11 U.S.C.A. § 110 (c) (2)).

The Trustee, possessed of such rights, contends that the corporate tax claims of the Commonwealth for the years 1961 and 1962,[2] totaling $723.98, are not statutory liens against personal property under Pennsylvania law, and having been due and owing for more than three years preceding the date of bankruptcy are released by a discharge in bankruptcy. Section 64(a) (4), as amended in 1966, (11 U.S.C.A. § 104(a) (4)); Section 17 (a) (1), as amended in 1966, (11 U.S. C.A. § 35(a) (1)).

As a result of an amendment to the Bankruptcy Act in 1966 at Section 1 (29a), (11 U.S.C.A. § 1(29a)) the definition of statutory liens is now as follows:

"(29a) "Statutory lien" shall mean a lien arising solely by force of statute upon specified circumstances or condi-

---

1. The Referee's Order, as amended, held that the Commonwealth of Pennsylvania was entitled to a tax lien claim of $849.-46, and a tax priority claim in the amount of $1,270.07.

2. Trustee did not file objection to the taxes ($125.48) settled in 1963 because these taxes accrued within three years of the date of bankruptcy and are entitled to priority of payment irrespective of their lien status.

tions, but shall not include any lien provided by or dependent upon an agreement to give security, whether or not such lien is also provided by or is also dependent upon statute and whether or not the agreement or lien is made fully effective by statute."

The relevant provision of the Pennsylvania Fiscal Code here involved (72 P.S. § 1401) provides, in pertinent part, as follows:

"All State taxes imposed under the authority of any law of this Commonwealth, * * * hereafter * * * settled, assessed or determined *against* any corporation * * * *shall be a first lien* upon the franchises and property, *both real and personal,* of such corporation * * * *from the date of settlement, assessment or determination* * * * all taxes * * * shall first be allowed and paid * * * *before any judgment, mortgage, or any other claim or lien against such corporation* * * *."* (emphasis ours)

■ The Pennsylvania Supreme Court, in construing that statute, has held, in Commonwealth v. Central Realty Co., 338 Pa. 172, 12 A.2d 312 (1940), that under § 1401, a state tax imposed against a corporation is a first lien upon both the real and personal property of such corporation from the date on which the tax is settled by the Auditor General; that it is *not* necessary for the lien to be filed or recorded in the prothonotary's office of the particular county. The Court said at p. 179, 12 A.2d at p. 315:

"It was thenceforth sufficient, in order to establish the lien, for the Commonwealth to settle the tax in the auditor-general's office in Harrisburg. The judgment creditor of or *bona fide purchaser* from the party against whom the taxes were assessed was thereafter required for his own protection to consult the auditor-general's records or indices in the State Capitol * * *."

See also Commonwealth v. Hoffman-Henon Co., 382 Pa. 213, 217, 114 A.2d 92, 94 (1955) wherein the Court stated: "Section 1401 of the Fiscal Code of 1929, as originally enacted, provided that all State taxes * * * settled against any corporation should be a first lien upon the property and franchises of such corporation *from the date of settlement* * * *."* (emphasis ours)

In an earlier case,[3] Traction Materials Co. v. Pittsburgh, McKeesport & Westmoreland Ry. Co., 261 Pa. 153, 159, 104 A. 552 (1918), involving the activities of a receiver of an insolvent corporation, the Supreme Court recognized that the Act of 1911 changed the prior requirement of filing a tax lien by *"dispensing with such filing."* (emphasis ours)

We have carefully considered the cases cited by the Trustee[4] and we conclude that they are inapposite because they are concerned with the lien provisions of an entirely different statute, the Unemployment Compensation Act (U.C.A.), 43 P.S. § 788.1.[5] The former (U.C.A.) provision,

---

3. Cited in Commonwealth v. Central Realty Co., id. 338 Pa. at p. 179, 12 A.2d 312.

4. Commonwealth, etc. v. Lombardo, 356 Pa. 597, 52 A.2d 657 (1947); Ersa, Inc. v. Dudley, 234 F.2d 178 (3 Cir. 1956).

5. We also find In re Lehigh Valley Mills, Inc., 341 F.2d 398 (3 Cir. 1965) to be inapplicable because, in that case, the Court of Appeals followed *Ersa* and *Lombardo* which *did not* involve liens under § 1401. Insofar as the Court of Appeals held that recording of the tax lien under 72 P.S. § 1404 was a condition precedent to its enforcement and that the lien settled under § 1401 was not summarily enforceable

until the entry of judgment and issuance of the writ of execution, we respectfully conclude that the law of Pennsylvania is to the contrary.

In Commonwealth v. Smith, 37 Luz.L. Reg.Rep. 367 (1944) the Court held that entry of judgment would add nothing to what the Commonwealth already had by the settlement of the taxes in Harrisburg under the express provisions of the statute.

Moreover, the United States Supreme Court, in United States v. State of Vermont, 377 U.S. 351, 359, 84 S.Ct. 1267, 1271, 12 L.Ed.2d 370 (1964), specifically recognized the validity of a similar state

in effect at the time *Lombardo* and *Ersa* were decided, made U.C.A. liens inferior to mortgages and prior liens of any nature. The Unemployment Compensation Act did *not* direct, as did § 1401, that a lien for the unpaid contributions arose upon settlement of the sum due in Harrisburg, but instead provided that the lien vested "from the date of lien for such contributions, interest and penalties is *entered of record in the manner hereinafter provided.*" The Act thereafter provided for the transmittal of certified copies of such liens to the prothonotaries of the respective counties and for the issuance of writs of scire facias.

Section 1404[6] of the Fiscal Code, dealing with entry of tax liens and scire facias, by reason of its use of the discretionary language "may at any time", has been held to be permissive and not mandatory. Commonwealth v. Central Realty Co. supra, 338 Pa. at 172, 177, 178, 179, 12 A.2d 312; Goodwin Gas Stove & Meter Co's Assigned Estate, 166 Pa. 296,

31 A. 91 (1895); 36 P.L.E. Taxation, § 264.

■ We conclude that the Commonwealth had a valid statutory lien for *its* *corporate taxes under Pennsylvania law* and now turn to the Bankruptcy Act to test the state's lien under prevailing federal standards.[7]

The legislative history underlying the 1966 amendments to the Bankruptcy Act § 67, subd. c reveals the following:

"To overcome the problems created by subdivision c of section 67, section 6 of this bill completely revises that subdivision. New standards are established for the invalidation of statutory liens and the circuity potential in the present section is eliminated."

\* \* \* \* \* \*

"It will be recalled that one of the major objectives of the Chandler Act was to overcome the distortion of the Federal order of distribution by the creation of spurious statutory liens to

---

tax statute which held that "the assessment is given the force of a judgment, and if the amount assessed is not paid when due, administrative officials may seize the debtor's property to satisfy the debt." The Court held that the state lien was choate in that "the identity of the lienor, the property subject to the lien, and the amount of the lien are established."

In Mowery v. Sweigart, 49 Lanc.Rev. 91 (1944) the Court held that a state corporate tax lien was valid from settlement and was entitled to priority over a claim arising under the Unemployment Compensation Act, which had not been filed. In accord is Ivey v. Housing Foundation of America, 6 Pa.Dist. & C.2d 13 (1957), an insolvency proceeding under state law, wherein the Court discussed § 1401 and 43 P.S. § 790 of the Unemployment Compensation Act which specifically gives priority to state corporate taxes over Unemployment Compensation Act claims in state insolvency proceedings.

Our research discloses no Pennsylvania case which has held, that a corporate tax lien settled under 72 P.S. § 1401, must be recorded to be enforceable.

**6.** 72 P.S. § 1404 "Entry of tax liens: scire facias

"The Department of Revenue may, *at any time*, transmit to the prothonotaries of the respective counties of the Commonwealth, *to be by them entered* of record, certified copies of all liens for State taxes \* \* \* upon which record it shall be lawful for writs of scire facias to issue and be prosecuted to judgment and execution in the same manner as such writs are ordinarily employed." (emphasis ours)

**7.** We do not find that United States v. First National Bank & Trust Co. of Fargo, North Dakota, 386 F.2d 646, 648 (8 Cir. 1967) compels a contrary result because "the state had made no attempt to determine the amount of such tax or [made] an assessment thereof", before a federal tax lien had become perfected.

We note also, that in reaching their respective decisions, neither the Court of Appeals nor the District Court considered the 1966 amendments to the Bankruptcy Act. At the time of the decision of the District Court in August 1966, the amendments had not yet become effective. (Section 6 of the Amended Act set the effective date 90 days after the date of enactment on July 5, 1966).

upset these liens which were in reality priorities, the authors of the Chandler Act decided that if statutory liens on personal property unaccompanied by possession, were postponed to wages and costs of administration, the most serious effects of these liens could be overcome. This provision was strengthened in 1952 when most liens of this nature were completely invalidated. *However, a recent re-examination of State lien statutes has shown that neither the standard of possession nor the distinction between real and personal property is an entirely satisfactory criterion."*

\* \* \* \* \* \*

"To insure the supremacy of the order of distribution provided in the Bankruptcy Act insofar as it is consistent with the continued recognition of genuine lien interests, *this bill would eliminate lack of possession of personal property as the standard for upsetting liens and would instead invalidate as against the trustee* \* \* \*: "

"(2) Every statutory lien not perfected at the date of bankruptcy as against a subsequent bona fide purchaser from the debtor on that date."

\* \* \* \* \* \*

"Although new section 67c establishes more effective standards for the treatment of statutory liens, the new section 67c(1) (B), which permits perfection by notice filing rather than possession, may nevertheless result in the consuming of assets otherwise available for paying administrative costs and wages. This is an especially acute problem in view of the continuing increase in the tax burden at all levels of government. *The committee believes that if the policy of the Chandler Act to protect the costs of administration and wages is to be given effect, it is necessary to postpone to the costs of administration and wages at least those tax liens which are on personal property and are unaccompanied by possession."* \* \* \*

"The amendment to section 67c in this bill *retains* the provision of existing law which postpones a tax lien on personal property not accompanied by possession to the debts specified in Clauses (1) and (2) of subdivision (A) of section 64."

\* \* \* \* \* \*

"In respect to the relation between new sections 67c(1) and 67c(3), *it is the intention of the committee that a statutory tax lien on personal property not accompanied by possession shall first be tested by the standards of 67 c(1). Section 67c(3) is then to be applied to those liens which have not been invalidated by section 67c(1)."* Senate Report No. 1159, 2 U.S., Code Cong. and Adm. News, pp. 2460–2464, 89th Congress (Second Sess. 1966). (emphasis ours)

Section 67(c) (1) (B), 11 U.S.C.A. § 107(c) (1) (B) provides in part as follows:

11 U.S.C.A. § 107(c) (1) "The following liens shall be invalid against the trustee:

\* \* \* \* \* \*

"(B) every statutory lien which is not perfected or enforceable at the date of bankruptcy *against one acquiring the rights of a bona fide purchaser from the debtor* on that date whether or not such purchaser exists \* \* \*."

\* \* \* \* \* \*

Section 67(c) (3) 11 U.S.C.A. § 107(c) (3) provides:

(3) "Every tax lien on personal property not accompanied by possession shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision (a) of section 104 of this title."

\* \* \* \* \* \*

We have earlier concluded that the Commonwealth's lien was perfected upon the assessment of the taxes by the Auditor General in Harrisburg and that the lien is enforceable against a bona fide purchaser.

■ However, the Commonwealth's tax lien has never been accompanied by

possession of the personal property to which the lien applied. Under section 67(c) (3) therefore such liens "shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision (a) of section 104 of this title." 11 U.S. C.A. § 107(c) (3).

### ORDER

Now, this 17th day of July, 1968, it is ordered that:

(1) the petition for review is granted;

(2) the Commonwealth of Pennsylvania has a valid tax lien claim in the amount of $849.46, which shall, however, be postponed in payment to the debts specified in clauses (1) and (2) of subsection (a) of section 64 of the Bankruptcy Act, 11 U.S. C.A. § 104(a);

(3) the record is remanded to the Referee for further proceedings consistent with this opinion and order.