UNITED STATES of America,
Plaintiff,

v.

Stanford PAVENICK and Rita Pavenick,
Defendants.

Civ. A. No. 537–61.

United States District Court
D. New Jersey.

Sept. 20, 1961.

David M. Satz, Jr., U. S. Atty., Trenton, N. J., by Barbara A. Morris, Asst. U. S. Atty., Newark, N. J.

Lorence L. Bravenec, Trial Counsel, Washington, D. C., for the Government.

Samuel I. Kessler, Newark, N. J., for defendants David Ray Bernstein, New York City, of counsel.

WORTENDYKE, District Judge.

■ Plaintiff seeks a preliminary injunction enjoining the defendants Stanford Pavenick and Rita Pavenick from selling or otherwise disposing of any stock of Aljen Manufacturing Company which they presently own. This action is brought by the United States to foreclose tax liens in the amount of $13,388.04 on shares of stock formerly held by Stanford Pavenick, and presently standing in the name of his wife, Rita. Jurisdiction of the subject matter is derived from 28 U.S.C. §§ 1340 and 1345 and from 26 U.S.C. §§ 7402(a) and 7403.

On July 7, 1961, Chief Judge Smith of this Court temporarily restrained the defendants from transferring, selling, assigning, pledging or otherwise disposing of any stock of the Aljen corporation. This order remained in effect until it was modified by further order of this Court which limited the restriction to the 20 shares transferred to Rita Pavenick from her husband, Stanford Pavenick. The motion for preliminary injunction here under consideration was heard upon oral argument, and decision was reserved pending the filing of certain documentary evidence which has now been filed and is presently before the Court.

The application for and opposition to the grant of a preliminary injunction in this case is based upon affidavits submitted in behalf of the respective parties. From these sources it appears that on April 13, 1956 the District Director of Internal Revenue for the District of New Jersey assessed against the defendant, Stanford Pavenick, as taxpayer, Federal unemployment and withholding taxes due for and payable in prior years, together with penalties for non-payment thereof and interest thereon. It is alleged, but not proven, that notice of these assessments was mailed to the taxpayer against whom the assessments were made on April 18, 1956.

During the year 1954, 20 shares of stock in the Aljen Manufacturing Company were issued to Stanford Pavenick, and in or about August or September 1956, these shares were transferred by him to his wife, Rita Pavenick. This stock transfer was allegedly in repayment of moneys loaned by her to him in 1954, 1955 and early in 1956, and which were claimed to be due and payable in the Spring of 1956.

■ The Government asserts a lien upon the stock in question under section 3670 (Internal Revenue Code of 1939) 26 U.S.C. § 3670. Rita Pavenick claims exoneration of the lien as purchaser of the stock under the provisions of section 3672 of the same Code. Defendant Stanford Pavenick states in his affidavit that the transfer of the stock to his wife was for "full and adequate consideration in money or moneysworth (sic)" in that it was in repayment of moneys previously loaned to him by her. This assignment for past due consideration is inadequate to raise the assignee to the status of "purchaser" within the statute. United States v. Franklin Federal Savings & Loan Association, D.C.Pa.1956, 140 F. Supp. 286; Filipowicz v. Rothensies, D.C. Pa.1942, 43 F.Supp. 619.

■ Therefore, upon proof of demand, the Government lien arises at the time of assessment by the collector, §§ 3670, 3671, I.R.C.1939. However, the evidence presently before me does not suffice to establish the Government's asserted lien because proof of its demand for payment of the amounts assessed has not been furnished. The mailing of Form 17, Statement of Taxes Due (First Notice and Demand) referred to in the affidavit of Vincent P. McGinley, Acting Chief, Accounts Maintenance Section, Supervisor of Account Card Unit in the office of the Newark District Director of Internal Revenue, is therein stated to be disclosed by the records of his office; but neither those records nor copies thereof, as provided by 28 U.S.C. § 1733, have been presented to me in support of this hearsay statement set forth in the affidavit. I must assume, however, that competent evidence of the mailing of the notices of the assessments is available and will be presented upon the trial of this action. I am not required, upon the present motion for a preliminary injunction, to adjudicate all of the issues of fact involved in the case.

■■ The plaintiff here contends that if the injunction is not issued it will be irreparably damaged. This statement appears to be amply justified for if the present owner of the legal title should transfer the stock to a mortgagee, pledgee, or purchaser for adequate and full consideration, and if such transferee shall be without notice, the Federal lien may become invalid. Section 3672(b) (1), Internal Revenue Code of 1939. It further appears from the evidence presented that an injunction will not work any particular hardship against the defendants. As Rita Pavenick recites in her affidavit, filed August 8, 1961: "I have owned and held these shares since August 1956, as above set forth, have not disposed of them or encumbered them in any wise since, and have no intention of so doing."

■ "Issuance of a preliminary injunction is a matter within the sound discretion of the court. That discretion is traditionally exercised upon the basis of a series of estimates: The relative

importance of the rights asserted and the acts sought to be enjoined, the irreparable nature of the injury allegedly flowing from denial of preliminary relief, the probability of the ultimate success or failure of the suit, the balancing of damage and convenience generally. A mere listing of the guiding considerations demonstrates their intangible nature, especially when no attempt is made at this stage to decide finally the questions raised." Communist Party of United States of America v. McGrath, D.C., 96 F.Supp. 47, 48.

■■■■■ "The granting of a temporary restraining order or preliminary injunction is within the sound judicial discretion of the court, and the action of the trial court will not be disturbed unless there has been a clear abuse of discretion. The granting of the temporary injunction does not determine the rights of the parties. In the exercise of its discretion it is sufficient if the court is satisfied that there is a probable right and a probable danger and that the right may be defeated unless the injunction is issued, and considerable weight is given to the need of protection to the plaintiff as contrasted with the probable injury to the defendant, * * *." Sinclair Refining Co. v. Midland Oil Co., 4 Cir., 1932, 55 F.2d 42, 45.

■■■■■ Applying these criteria to the case at bar and in the further interest of maintaining the status quo which is in general the primary function of the preliminary injunction, and envisaging the probability of the Government's success in ultimately establishing its lien, I am impelled upon the balance of equities to grant the preliminary injunction applied for; the defendants shall be enjoined from any sale, transfer, assignment or disposal of the 20 shares of Aljen Manufacturing Company stock presently in the name of Rita Pavenick, pending a decision in this matter upon the merits. See Moore's Federal Practice, 2d Ed., Vol. VII, p. 1633.

An order may be presented accordingly.