The **CAPITOL MOTOR CAR COMPANY,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

No. 15050.

United States Court of Appeals
Sixth Circuit.

March 15, 1963.

Roger K. Powell, Columbus, Ohio, for petitioner.

Harry Marselli, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Frank I. Goodman, Arthur E. Strout, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before WEICK and O'SULLIVAN, Circuit Judges, and DARR, District Judge.

PER CURIAM.

Taxpayer was the owner of improved land with a building on it located in Columbus, Ohio. Prior to 1949 taxpayer used the property for the operation of its automobile sales and service business. Subsequently, the property was rented to an automobile agency, later to a school and finally to Ohio Fuel Gas Company for a paint shop and other purposes connected with the production, transportation and distribution of gas.

The City of Columbus condemned the property for highway purposes. On October 17, 1957, taxpayer was awarded $180,000 for the property on which it realized a gain of $125,355.06. Taxpayer invested $137,000 of the award on November 27, 1957 in the purchase of unimproved land consisting of 3.9 acres in said city. On April 28, 1958 taxpayer contracted to build a motel on this land and to lease it to a corporation upon completion. Taxpayer was unable to obtain financing to build the motel. On February 27, 1959 the lease was modified so as

to provide for the construction of the motel by the lessee. Construction started immediately thereafter and has been completed.

Taxpayer claimed in the Tax Court that it was entitled to nonrecognition of the gain under the provisions of Section 1033(a) of the Internal Revenue Code of 1954. 26 U.S.C. 1958 ed., § 1033(a). The Tax Court held that taxpayer was not entitled to the benefits of this statute because its "replacement of rent-producing improved real estate with several acres of unimproved realty does not meet the statutory test of 'similar or related in service or use' as interpreted by this court." The Tax Court cited as authority Liant Record, Inc., 36 T.C. 224 and Mc-Caffrey, 31 T.C. 505 affirmed 275 F.2d 27 (C.A.3), cert. den. 363 U.S. 828, 80 S.Ct. 1598, 4 L.Ed.2d 1523. No brief was filed by taxpayer in the Tax Court.

We should point out that taxpayer's converted property was held for investment purposes. Taxpayer was the lessor and collected the rent. The vacant land was also acquired for investment purposes and it is clear that taxpayer did not intend that the land should remain vacant. Within one year from the conversion taxpayer contracted to build a motel and lease it to a corporation. The lease was later modified so that the lessee erected the building. We see no substantial difference in the relationship between the lessor and lessee of the converted property and of the replacement property when the motel was completed.

Liant Record, Inc., supra, relied on by the Tax Court has since been reversed by the Court of Appeals of the Second Circuit. 303 F.2d 326.

In Pohn v. Commissioner, 309 F.2d 427 (C.A.7), the converted property was a filling station. The replacement property was vacant land and was leased to a corporation which subsequently constructed an apartment building on it. See also: Loco Realty Company v. Commissioner, 306 F.2d 207 (C.A.8).

In Clifton Investment Co. v. Commissioner, 312 F.2d 719 (C.A.6), we followed the rationale of Liant, Pohn and Loco and rejected the so-called functional use test adopted by the Tax Court. Under the facts in Clifton, however, we were of the opinion that the taxpayer's relationship to the property acquired was not "reasonably similar" to its relationship to the converted property. We, accordingly, sustained the Tax Court's denial of the nonrecognition privilege of Section 1033. (a) (3) (A). Here, the taxpayer's responsibilities in relation to the newly acquired property are, in our opinion, reasonably similar to those which obtained when it owned the property converted. It is, accordingly, entitled to invoke the nonrecognition provision of Section 1033. (a) (3) (A).

The decision of the Tax Court is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.