STATE ex rel. STATE HIGHWAY COMMIS-SION of Missouri, Appellant,

v.

Elwood LONG et al., On Exceptions of George C. Ballew et al., Respondents.

No. 52955.

Supreme Court of Missouri, En Banc.

Dec. 11, 1967.

Rehearing Denied Jan. 8, 1968.

ferred the case to this Court. We consider the case "the same as on original appeal." Rule 84.05(h), V.A.M.R.; Mo.Const., Art. V, § 10 (1945), V.A.M.S.; Cornet & Zeibig, Inc. v. 430 Withers Realty Co., Mo.Sup., 415 S.W.2d 751[1].

Respondent Ballew owns a 160-acre farm in Howard County, 110 acres of which is bottom land. Supplementary State Highway Route C (124) extends east and west along the south boundary line of the farm. Hungry Mother Creek runs through the farm from north to south and under a bridge at the highway.

Prior to 1963, the bridge was 63 feet long and the grade of the highway was such that, when Hungry Mother Creek flooded, the surface water flowed over the highway and on in a southerly direction. In 1963, the State Highway Commission built a new bridge 140 feet long and raised the grade of the highway nine feet. Now, in times of flooding, more surface water can drain under the new bridge but no water can flow over the highway.

Witnesses for Ballew testified that after 1963 water backed up on his bottom land and damaged it because it could not drain off as fast as it had before the elevation of the grade of the highway. All of the evidence adduced in behalf of respondent Ballew on the issue of damages relates solely to the market value of Ballew's bottom land before and after the elevation of the grade of the highway.

Ballew is entitled to compensation for the land actually taken. There was no evidence presented by Ballew on direct examination as to its nature, its extent, or its value. This evidence was presented by appellant. Apparently the easement actually taken is a strip of land eight feet wide, extending along the north edge of the old roadway, and consisting of .83 acre.

Ballew is entitled to damages, if any, sustained to the remainder of his 160-

Robert L. Hyder, Thomas E. Cheatham, Jefferson City, for appellant.

Hulen & Hulen, Moberly, for respondents.

DONNELLY, Judge.

In this condemnation proceeding, respondent George C. Ballew recovered damages in the amount of $12,000 in the Circuit Court of Randolph County. The State Highway Commission appealed to the Kansas City Court of Appeals, which trans-

acre farm. Only a part of the farm was condemned. "The measure of damages in such case is the market value of the land actually taken, and the consequential damages, if any, to the remainder of the land caused by the taking." City of St. Louis v. Vasquez, Mo.Sup., 341 S.W.2d 839, 846; Public Water Supply District No. 2 v. Alex Bascom Co., Mo.Sup., 370 S.W.2d 281, 288[5]. The burden of proof is on Ballew to establish the causal connection. City of St. Louis v. Kisling, Mo.Sup., 318 S.W.2d 221, 225; State ex rel. State Highway Commission v. Baumhoff, 230 Mo.App. 1030, 93 S.W.2d 104, 109; City of St. Louis v. Paramount Shoe Mfg. Co., 237 Mo.App. 200, 168 S.W.2d 149, 153. There is no expert testimony in the record conclusively showing that the taking of the .83 acre easement contributed to the flooding of Ballew's bottom land. However, Ballew's Exhibit 1, the plans and specifications of the project prepared by appellant, shows the taking of Ballew's land and its inclusion in the new right-of-way. These same plans provide for reconstruction of the highway and a raise in grade of the highway. The evidence is uncontradicted that Ballew's bottom land was flooded and damaged as a result of the reconstruction of the highway. All of this evidence was admitted without objection and no evidence was offered by appellant to show there was no causal connection between the actual taking and the damage to the remainder of Ballew's land. The only action taken by appellant was a motion for directed verdict at the close of respondent's evidence. In these circumstances, the evidence adduced relating to damages to Ballew's farm is sufficient to sustain the verdict.

The judgment is affirmed.

HOLMAN, C. J., and HENLEY, FINCH, SEILER and STORCKMAN, JJ., concur.

EAGER, J., dissents.