322 F.Supp. 1055 (1971)
LaVonna CONRAN, Mary Susan Conran McLaughlin, Sally Ann Conran Maxwell, James E. Reeves, and R. L. Saalwaechter, Co-Executors of the Estate of James V. Conran, Deceased, and LaVonna Conran, widow of James V. Conran, Deceased, Plaintiffs,
v.
UNITED STATES of America, Defendant.
No. S 70 C 23.
United States District Court, E. D. Missouri, Southeastern Division.
February 4, 1971.
*1056 James E. Reeves, Ward & Reeves, Caruthersville, Mo., for plaintiffs.
Daniel Bartlett, Jr., U. S. Atty., Harold E. Zahner, Asst. U. S. Atty., St. Louis, Mo., Johnnie M. Walters, Asst. Atty. Gen., Harold S. Larsen and Michael C. Durney, Attys., Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This is a suit for the recovery of federal income taxes alleged to have been overpaid by James V. Conran (deceased) and LaVonna Conran for the year 1966 in the amount of $11,526.38, plus statutory interest. At issue in this proceeding is the question of whether the $17,458.36 gain realized from the severance damages is to be recognized as taxable income or whether it qualifies for deferral of recognition, pursuant to 26 U.S.C. § 1033. The case was submitted by the parties to the Court for decision upon the pleadings, exhibits, and stipulation of fact. By stipulation, the parties have agreed that if the issue is resolved in plaintiffs' favor, the amount of the refund for purposes of judgment shall be computed by the defendant, and submitted to plaintiffs for approval. If the parties are unable to agree upon the amount of the refund, the matter shall be presented to the Court for resolution. If the issue is decided in favor of the defendant, this problem will, of course, not arise.
James V. and LaVonna Conran timely filed their joint individual income tax return for the year 1966. The Commissioner of Internal Revenue timely assessed a deficiency against the taxpayers, James V. and LaVonna Conran, in the amount of $11,526.38, plus interest in the amount of $1,350.17, which amounts were paid by the taxpayers. On May 15, 1969, a claim was timely filed by the taxpayers, and after more than six months elapsed, the instant suit was filed on May 22, 1970. This Court has jurisdiction under 28 U.S.C. § 1346 (a) (1).
During the taxable year in suit, 1966, the plaintiffs received a condemnation award from the State Highway Commission of Missouri in the amount of $102,824.30. This condemnation award was paid for land appropriated and damaged by the construction of Interstate Highway 55 across the plaintiffs' property in New Madrid County, Missouri.
Pursuant to Missouri condemnation procedure, three commissioners were appointed by the Circuit Court of New Madrid County, Missouri, to assess the damages to the plaintiffs' property sustained by reason of the condemnation of the highway right-of-way. In March 1966 the commissioners filed their report stating one lump sum, $102,824.30, as the amount of damages sustained by the taxpayers. Attached to the report of the commissioners was a separate sheet of paper showing the computations by the commissioners as to the method used in arriving at the total amount of damages. For the 25.71 acres actually taken for the right-of-way, the commissioners valued the land at $800.00 per acre, and awarded the plaintiffs the sum of $20,568.00. For the land adjoining the right-of-way, the commissioners awarded severance damages to the Conrans in the total amount of $72,763.00.
The Commissioner of Internal Revenue determined that, of the severance damages paid to the plaintiffs, $17,458.36 was recognizable gain which could *1057 not qualify for deferral by reinvestment pursuant to section 1033 of the Internal Revenue Code. The plaintiffs timely elected and purchased other property related in service or use to the property so converted or condemned in excess of the $17,458.36 within the meaning of section 1033.
Under the provisions of the Internal Revenue Code, condemnation proceeds are taxable as ordinary income when the award exceeds the cost basis of the property unless the taxpayer elects to take advantage of section 1033, which provides:
"(a) General Rule.  If property (as a result of its destruction in whole or in part, theft, seizure, or requisition or condemnation or threat or imminence thereof) is compulsorily or involuntarily converted 
* * * * * *
"(3) Conversion into Money Where Disposition Occurred After 1950.  Into money or into property not similar or related in service or use to the converted property, and the disposition of the converted property (as defined in paragraph (2) occurred after December 31, 1950, the gain (if any) shall be recognized except to the extent hereinafter provided in this paragraph:
"(A) Nonrecognition of Gain.  If the taxpayer during the period specified in subparagraph (B), for the purpose of replacing the property so converted, purchases other property similar or related in service or use to the property so converted, or purchases stock in the acquisition of control of a corporation owning such other property, at the election of the taxpayer the gain shall be recognized only to the extent that the amount realized upon such conversion (regardless of whether such amount is received in one or more taxable years) exceeds the cost of such other property or such stock. * * *"
In the instant case, the plaintiffs have complied with the literal wording of the statute. Therefore, the question remains whether severance damages received in a condemnation award are to be accorded different treatment than direct condemnation payments.
The defendant cites Vaira v. Commissioner of Internal Revenue, 52 T.C. 986 (1969); Johnston v. Commissioner of Internal Revenue, 42 T.C. 880 (1964); Rev.Rul. 64-183, 1964-1 Cum.Bull. 297; Rev.Rul. 68-37, 1968-1 Cum.Bull. 359; Rev.Rul. 53-271, 1953-2 Cum.Bull. 36, as authority for its position that severance damages do not fall within the ambit of section 1033, except under limited circumstances not applicable in this case. The limited circumstances in which section 1033 applies, according to defendant, are when the severance damages are used to restore the property retained as outlined in Rev.Rul. 271. This authority has been weakened by Rev.Rul. 69-45 which declared that GCM 20322 was not determinative as to future transactions. Revenue Ruling 68-37 amplified GCM 23698, which explained GCM 20322, so that the defendant itself cannot regard this as binding authority because of Revenue Ruling 69-45. Revenue Ruling 271 also emanates from the same General Counsel's memorandum GCM 23698.
It is the opinion of this Court that the purpose of section 1033 is to afford relief to taxpayers when they have involuntarily realized a gain by reason of condemnation. Loco Realty Co. v. Commissioner of Internal Revenue, 306 F.2d 207 (8th Cir. 1962); United Development Co. v. United States, 212 F.Supp. 664 (E.D.Mo.1962). Severance damages are an integral part of a condemnation award. United States v. Miller, 317 U. S. 369, 375, 63 S.Ct. 276, 87 L.Ed. 336 (1942); United States v. Dickinson, 331 U.S. 745, 751, 67 S.Ct. 1382, 91 L.Ed. 1789 (1947); State ex rel. State Highway Commission v. Long, 422 S.W.2d 276 (Mo.1967). There is no language in section 1033 distinguishing or dividing the proceeds of condemnation awards *1058 into various components. The statute simply provides that if property, as a result of condemnation, is converted into money, then the taxpayer is entitled to an election to defer any gain. Cf. Rev. Rul. 69-240. This Court finds no authority for the Commissioner to fragmentize a condemnation award into various components so that part of the award falls within the ambit of section 1033 and part of the award does not. Therefore, it is the opinion of this Court that the taxpayers in this case come within the provisions of section 1033, and are entitled to non-recognition of gain as provided for by that section.
The United States Attorney is directed to prepare a judgment within twenty (20) days in accordance with this memorandum.