**John L. McKITRICK et al., Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 72-217.**

United States District Court,
S. D. Ohio, E. D.

Feb. 8, 1974.

R. Theodore Boehm, Columbus, Ohio, for plaintiffs.

William W. Milligan, U. S. Atty., Columbus, Ohio by Angelo I. Castelli and Jerome Fink, U. S. Dept. of Justice, Washington, D. C., for defendant.

OPINION AND ORDER

KINNEARY, Chief Judge.

This matter is before the Court on cross motions for summary judgment under the provisions of Rule 56 of the Federal Rules of Civil Procedure.

Plaintiffs seek refunds of federal income taxes totalling $26,549.81 plus statutory interest for the year 1967. This action was commenced under the provisions of Title 26, United States Code, Section 7422. The Court has jurisdiction over the subject matter of this action under the provisions of Title 28, United States Code, Section 1346. The material facts are not in dispute.

Plaintiffs contend that a portion of two appropriation awards which represented severance damages was not includable in gross income because the full amount of compensation including the severance damages was totally reinvested in similar but noncontiguous property. The government maintains that severance damages are not ordinarily deferrable under Section 1033 of the Internal Revenue Code of 1954.

In 1967 plaintiffs received two condemnation awards from the State of

Ohio in the total amount of $266,850.00. These condemnation awards were paid as compensation and damages for two parcels of land owned by the taxpayers and taken for highway purposes. The first parcel of land was conveyed by the taxpayers to the State of Ohio under threat of appropriation on September 20, 1967. The $127,000.00 paid for this parcel of land was computed as follows:

| | |
|---|---|
| Compensation paid for 28.901 acres of farm land appropriated .............. | $ 64,600.00 |
| Damages attributable to the residue of 42.931 acres ...................... | 62,400.00 |
| Total case payment by State of Ohio September 20, 1967 for the Sawmill Road farm ................. | $127,000.00 |

The second parcel of land was taken by the State of Ohio in 1967 as the result of an appropriation suit in the Court of Common Pleas of Franklin County, Ohio. On or about December 26, 1967 the Clerk of that court disbursed to plaintiffs a deposit of $139,850.00 previously made by the State of Ohio and computed as follows:

| | |
|---|---|
| Compensation paid for 58.25 acres of farm land appropriated ............. | $ 72,640.00 |
| Damages paid, attributable to the residue of 214.7 acres ...................... | 67,210.00 |
| Total cash payment by State of Ohio December 26, 1967 for the Mitchell farm .................... | $139,850.00 |

The total amount of severance damages paid to the taxpayers as a result of the two condemnations was $129,610.00. Of this amount, $86,908.11 was considered by the Internal Revenue Service as recognizable gain subject to capital gains treatment.

The 1967 appropriation suit concerning the valuation of the second parcel of land was resolved on July 22, 1969. On that date, the court ordered the State of Ohio to pay an additional $15,150.00 to the taxpayers. This sum was added to their taxable income for 1969 but produced no tax effect for 1969 and had no tax cost when accounted for in income tax returns for 1969.

The taxpayers used all of the compensation received from the State of Ohio including the severance damages to purchase non-contiguous property which was qualified as related in use and service to the property appropriated by the state. All of the replacement farm land was located within the same county as the appropriated property.

The Internal Revenue Service determined that the actual compensation received for the farm land appropriated from the two parcels which produced a realized gain of $125,119.59 did not produce any recognized gain because the entire proceeds were properly reinvested pursuant to Section 1033 of the Internal Revenue Code. The parties agree that this determination was correct. However, the Internal Revenue Service further determined that of the severance damages paid to the taxpayers in 1967, $86,908.11 was recognizable gain which did not qualify for deferral by reinvestment pursuant to Section 1033.

Ordinarily, a taxpayer must recognize any gain he realizes as the result of a sale of his land. However, if land or other property is involuntarily converted by condemnation or other means into money, then no gain will be recognized if that money is expended in the acquisition of other property similar or related in service or use to the property that was converted. 26 U.S.C. § 1033(a)(3). In this case, the parties agree that plaintiffs used the entire amount of compensation including severance damages to purchase property similar or related in service or use to the property that was appropriated. However, the government contends that severance damages are not ordinarily deferrable under Section 1033.

The government's position is based upon a series of revenue rulings issued by the Internal Revenue Service. *See, e. g.,* Rev.Rul. 53–271, 1953–2 Cum.Bull. 36; Rev.Rul. 69–240, 1969–1 Cum.Bull.

199. The government contends that these rulings establish that severence damages are not deferable under Section 1033. These rulings also indicate that an exception is made where the taxpayer purchases property adjacent to his remaining property or where he used the amount received as severance damages to restore the usability of his remaining land.

■ Severance damages are awarded in land condemnation cases where there has been a diminution in value of the remainder as a result of the condemnation. Section 1033 was enacted "to afford relief to taxpayers when they have involuntarily realized a gain by reason of condemnation." Conran v. United States, 322 F.Supp. 1055 (E.D.Mo.1971). The section has been liberally construed to accomplish this purpose. See, e. g., Filipinni v. United States, 318 F.2d 841 (9th Cir. 1963); United Development Co. v. United States, 212 F.Supp. 664 (E.D.Mo.1962); Wala Garage, Inc. v. United States, 163 F.Supp. 379, 143 Ct. Cl. 268 (1958).

■ There is no doubt in this case that plaintiff's land was involuntarily converted and that they suffered a gain solely as a result of the involuntary conversion. Since severance damages are frequently awarded in condemnation cases and given the remedial purpose of Section 1033, the Court believes that severance damages are deferrable under Section 1033. The Court has not been referred to any statutory language or treasury regulation which supports the government's position. In fact, the only case which has considered this specific problem held that severance damages are deferrable under Section 1033. Conran v. United States, *supra.*

In addition, the revenue rulings relied upon by the government are not necessarily inconsistent with this position. For example, in Revenue Ruling 72–433, 1972–3 Cum.Bull. 35, condemnation proceeds received for flowage easement rights on a farm were promptly reinvested in other farmland. The ruling noted that there is a close similarity between severance damages and the involuntary grant of an easement. After citing two revenue rulings dealing with severance damages as authority, the ruling then held that the condemnation proceeds were properly deferrable under Section 1033. The interesting aspect of this ruling is the fact that while the taxpayer did purchase other farmland with the proceeds of the condemnation, the ruling does not indicate whether this other farmland was adjacent to his remaining property. The implication of this omission is that deferral under Section 1033 is not limited to situations where adjacent land is purchased or the usability of the remaining land is restored. See also Rev.Rul. 72–549, 1972–3 Cum.Bul. 472. If anything, these recent revenue rulings indicate that the Internal Revenue Service has not yet adopted a consistent position on this question.

The Court emphasizes that nothing in this opinion restricts the authority of the Internal Revenue Service to divide a condemnation award into compensation for property actually taken and damages to the remainder. However, the fact that such a division has been made does not necessarily affect the availability of Section 1033. If the taxpayer has realized a gain as the result of an involuntary conversion and if he has otherwise complied with Section 1033, then the relief provisions of that statute are available even though a portion of the award is for severance damages. The Court therefore concludes that the entire amount received by plaintiffs including severance damages was not includable in gross income because it was properly reinvested pursuant to Section 1033.

Whereupon, the Court determines that the defendant's motion for summary judgment is without merit and it is therefore denied. The Court further determines that plaintiff's motion for summary judgment is meritorious and it is therefore granted.