T.C. Memo. 2002-141

UNITED STATES TAX COURT

DANIEL J. AND RUTH E. TAPIO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10741-01L.                    Filed June 4, 2002.

Daniel J. Tapio and Ruth E. Tapio, pro sese.

Randall L. Preheim, for respondent.

MEMORANDUM OPINION

GERBER, Judge:  This case involves the question of whether
respondent, under the provisions of I.R.C. section 6330,[1] may
proceed with the collection of petitioners' outstanding and
unpaid tax liability.  On February 5, 2002, respondent moved for

_____

[1] All section references are to the Internal Revenue Code in
effect for the period during which respondent has pursued
collection, and all Rule references are to the Tax Court Rules of
Practice and Procedure, unless otherwise indicated.

summary judgment, and a hearing on that motion was held at the Court's April 29, 2002, Denver, Colorado, trial session. Petitioners argue that as a matter of law respondent's assessment of tax is invalid and without merit and that respondent should not be allowed to proceed with collection.

Background

On July 9, 1999, respondent mailed a statutory notice of deficiency to petitioners determining a $1,864 income tax deficiency for 1997 and an accuracy-related penalty under section 6662(a) and (b)(1) in the amount of $96.80. In response to the notice, petitioners did not file a petition with this Court and instead mailed a letter, containing their disagreement, to the respondent's service center which had mailed the notice. After expiration of the appropriate statutory period, respondent assessed the deficiency and, on January 3, 2000, mailed a notice and demand for payment to petitioners. On July 31, 2000, respondent mailed notification to petitioners of intent to levy with respect to the 1997 tax liability. On March 1, 2001, respondent mailed petitioners a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, with enclosures pursuant to the requirements of section 6330(a).

Petitioners timely requested a Collection Due Process Hearing and raised the following questions in their request: (1) Whether their return filed with respondent had already shown the

correct amount of tax, precluding the assessment of additional amounts; (2) whether respondent had authority to determine or collect additional tax; and (3) whether section 6331 applied in this case.

A face-to-face hearing was held between petitioners and respondent's Appeals officer. The Appeals officer provided petitioners with a transcript of their 1997 tax account. Petitioners recorded and transcribed the hearing. In summary, petitioners made the following assertions at the hearing: (1) The Appeals officer had not obtained verification in accord with section 6330 and that the administrative requirements were not met with respect to the intent to levy; (2) that Government employees committed fraud by altering and correcting a public document; (3) that wages were not taxable because they do not represent a profit; and (4) that the provisions of the Internal Revenue Code, and in particular section 6331, did not apply to petitioners because they applied only to U.S. Government employees. The Appeals officer invited petitioners to discuss less intrusive collection alternatives, but petitioners declined other alternatives on the ground that they did not owe tax.

On July 25, 2001, after the hearing, the Appeals Office mailed petitioners a notice of determination concluding that respondent could proceed with collection based on the Appeals officer's findings and conclusions that (1) petitioners had been

provided with sufficient verification that the requirement of the applicable laws and administrative procedures had been met; (2) that the issues raised by petitioners were frivolous; (3) that petitioners did not wish to pursue any other collection alternatives; and (4) that the proposed collection action would balance the need for efficient collection of tax with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.

On August 28, 2001, petitioners timely petitioned this Court alleging that they did not owe any tax and that the issues they raised at the Collection Due Process Hearing were not addressed by respondent's Appeals officer.

Discussion

Summary judgment is the appropriate means by which to resolve this case where the pleadings and other materials demonstrate that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974).

Section 6330 provides that, upon request and in the circumstances described therein, a taxpayer has a right to a "fair hearing". Sec. 6330(b). A "fair hearing" consists of the

following elements: (1) An impartial officer will conduct the hearing; (2) the conducting officer will receive verification from the Secretary that the requirements of applicable law and administrative procedure have been met; (3) certain issues may be heard such as spousal defenses and offers-in-compromise; and (4) a challenge to the underlying liability may be raised only if the taxpayer did not receive a statutory notice of deficiency or otherwise receive an opportunity to dispute such liability. Sec. 6330(c) and (b).

Petitioners sought and were afforded a section 6330 hearing. A transcript of the hearing, which was made by petitioners and attached to respondent's Motion for Summary Judgment, reveals that the Appeals officer afforded petitioners with every opportunity to air their concerns. The Appeals officer provided petitioners with a transcript of their 1997 tax account and guided them through the document. The Appeals officer also read the materials attached to petitioners' 1997 tax return which contained petitioners' explanations as to why the amounts received by petitioners were not income. The explanations provided by petitioner have, on numerous occasions, been found by this Court to be frivolous and without merit.

Mr. Tapio contended that the income tax system was one of voluntary self-assessment and because petitioners had not voluntarily agreed to assessment, respondent was without legal

grounds to assess. Mr. Tapio also contended that respondent's employees had committed fraud by determining and assessing a tax liability based on Forms W-2 (Wage and Tax Statement) reflecting that he had wages. The fraud envisioned by Mr. Tapio was that the determination and assessment constituted an alteration of petitioners' filed return reporting zero income and zero tax.

Our review of the lengthy transcript of the Collection Due Process Hearing shows that the Appeals officer was patient, thorough, and that he had complied with the section 6330 requirements that are prerequisite for the Commissioner to pursue collection.

At this Court's hearing of the parties' arguments for and against summary judgment, petitioners made the following arguments that were not made at the Collection Due Process Hearing: (1) That respondent's notice of deficiency was procedurally defective because respondent did not provide petitioners with a delegation of authority showing that the person who signed the notice had been delegated authority to do so by the Secretary; and (2) that the notice and demand was not in accord with T.D. 1995 issued in 1914 which required that a Form 17, be used for that purpose. Petitioners also referenced three cases[2] which they believed supported their argument that a

---

[2] Filippini v. United States, 318 F.2d 841 (9th Cir. 1963); United States v. Lehigh, 201 F. Supp. 224 (W.D. Ark. 1961); United States v. Pavenick, 197 F. Supp. 257 (D.N.J. 1961).

Notice and Demand for payment must be made on a Form 17.  We find petitioners' positions to be misguided.  Petitioners' other arguments at trial were without merit and not worthy of mention.

After reviewing this record and hearing petitioners' arguments, we conclude and hold that respondent did not abuse his discretion in determining to proceed with enforced collection activity.[3]

<u>Respondent's Motion for Summary Judgment will be granted, and a decision entered permitting respondent to proceed with collection.</u>

---

[3] We must note that petitioners' efforts appear to be solely focused on avoiding payment and/or collection of tax on wages that they admit receiving.  Throughout the lengthy administrative process and at the hearing on summary judgment petitioners did not raise anything but frivolous and baseless arguments, most of which have been rejected on numerous occasions by this and other courts.  We admonish petitioners that we shall consider the imposition of a penalty under sec. 6673 in any future proceeding where petitioners raise the same arguments.